SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Scott D. Musoff
Four Times Square
New York, New York 10036
Tel.:  (212) 735-3000

Attorneys for Defendant Brera Capital Partners, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x   07 MDL 1902 (JSR)
In re REFCO, INC. SECURITIES LITIGATION        :
------------------------------------------------------------- x
GEORGE L. MILLER, Chapter 7 Trustee for the   :
Estate of Suffolk LLC,                                                  :   09 Civ. 2866 (JSR)
                                                                                  :
                                        Plaintiff,                         :   **ECF Case**
                                                                                  :
                                                                                  :   **Electronically Filed**
                    v.                                                          :
                                                                                  :
PF SALECO LLC, et al.                                             :
                                                                                  :
                                        Defendants.                   :
------------------------------------------------------------- x

### LIMITED OBJECTION OF BRERA CAPITAL PARTNERS TO THE REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON THE MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant Brera Capital Partners LLC ("Brera") respectfully submits this limited objection to the August 26, 2010 Report and Recommendation of the Special Master on the Motion to Dismiss the Amended Complaint (the "Second R&R") in *Miller v. PF Saleco LLC, et al.*, No. 09 Civ. 2866.  Brera does not object to the Special Master's ultimate recommendation in the Second R&R, i.e., that the Amended Complaint (as that term is defined below) be dismissed with prejudice.  However, out of an abundance of caution, Brera joins in the limited objection filed by Credit Suisse Boston Next Fund, Inc., Lab Morgan Corporation, and ML IBK Positions, Inc. (collectively, the "Bank Defendants") regarding the manner in which the Special Master disposes of one of the alternative grounds for dismissal in the Second R&R.

**PROCEDURAL BACKGROUND**

On or about March 13, 2009, George Miller ("Plaintiff")—the Chapter 7 Trustee for the Estate of Suffolk, LLC ("Suffolk")—filed approximately ninety-three (93) nearly identical actions (the "Complaints") against former equity holders in an investment advisor named PlusFunds Group Inc. ("PlusFunds").

On November 13, 2009, the Special Master issued a Report and Recommendation recommending that three of the four counts in the Complaints be dismissed with prejudice. The Special Master recommended that the fourth count in the Complaints be dismissed with leave to amend. On January 12, 2010, this Court adopted the Special Master's Report and Recommendation.

On March 5, 2010, Plaintiff filed an amended complaint (the "Amended Complaint") asserting the one count that it was permitted to replead as well as a new count, Count V, which seeks a remedy (recovery of a fraudulent transfer) that is dependent on the existence of an avoidable fraudulent transfer. On April 19, 2010, motions to dismiss the Amended Complaint (the "Motions to Dismiss) were filed by (i) the Bank Defendants; (ii) Brera; and (iii) numerous other defendants. After the Motions to Dismiss were fully briefed, and after hearing oral argument, the Special Master, on August 26, 2010, issued the Second R&R. The Second R&R recommends that this Court grant the Motions to Dismiss the Amended Complaint with prejudice.

**ARGUMENT**

On September 7, 2010, the Bank Defendants filed a limited objection to the Second R&R (the "Bank Defendants' Limited Objection"). Brera adopts the arguments made in the Bank Defendants' Limited Objection in full.

The Bank Defendants' Limited Objection agrees with the recommendation in the Second R&R that the Amended Complaint should be dismissed on at least two independent

2

grounds: (i) the Amended Complaint fails to identify a legitimate creditor of Suffolk on whose behalf Plaintiff, as Chapter 7 Trustee for the bankruptcy estate of Suffolk, has standing to bring this fraudulent-transfer action, and (ii) the Amended Complaint does not allege any facts suggesting that Suffolk made the challenged transfers with the requisite intent to defraud any such creditor. Brera agrees with these recommendations in the Second R&R as well.

Brera files this limited objection because, like the Bank Defendants, it believes that the Amended Complaint should be dismissed for a third, independent reason, which was set forth in the Motions to Dismiss, but which the Second R&R does not embrace: that Suffolk was a mere conduit for the transfer of Refco's funds to Brera, and thus Plaintiff may not recover those funds for Suffolk's bankruptcy estate because they were never Suffolk's property in the first place. As noted above, Brera adopts all of the arguments set forth in the Bank Defendants' Limited Objection.

In accordance with the Stipulation and Order so ordered by Special Master Daniel Capra on April 15, 2010, Defendant Brera hereby reserves its right, as may be necessary following disposition of the Motions to Dismiss, to seek dismissal of the Amended Complaint on grounds other than those set forth in the Motions to Dismiss.

Defendant Brera respectfully requests that, to the extent possible, oral arguments of this limited objection to the Second R&R, if any, be coordinated with the Bank Defendants' Limited Objection.

**CONCLUSION**

WHEREFORE for the reasons stated herein and in the Bank Defendants' Limited Objection, this Court should (a) adopt the Second R&R to the extent the Second R&R concludes that Count II of the Amended Complaint should be dismissed with prejudice because Plaintiff has not adequately alleged the existence of a valid creditor, or alternatively because Plaintiff has not adequately alleged that the transactions he seeks to avoid were conducted with the intent to defraud any such creditor of Suffolk; (b) adopt the Second R&R to the extent the Second R&R concludes that Count V of the Amended Complaint should be dismissed with prejudice; (c) in the event the Court reaches the issue, reject the Second R&R to the extent it concludes that Count II should not be dismissed with prejudice because Suffolk was not a conduit; and (d) grant such other and further relief as may be just and proper.

Dated: New York, New York
September 7, 2010

*/s/ Scott D. Musoff*
Scott D. Musoff (scott.musoff@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel.:  (212) 735-3000

Attorneys for Defendant Brera Capital Partners, LLC

Of Counsel:
Albert L. Hogan III
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
Tel.:  (312) 407-0700

TO:

Dimitri Luke Karapelou, Esq.
LAW OFFICES OF DIMITRI L. KARAPELOU, LLC
1600 Market Street
25th Floor
Philadelphia, Pa 19103
Office (215) 391-4312

Attorneys for Plaintiff